﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/29/19

DOCKET NO. 190504-8629
DATE: July 30, 2019

REMANDED

Service connection for allergic rhinitis is remanded.

Service connection for arthritis of knees, ankles, back is remanded.

Service connection for erectile dysfunction is remanded.

Service connection for hepatitis C is remanded.

Service connection for hypertension is remanded.

REASONS FOR REMAND

The Veteran served on active duty from December 1962 to May 1967 and from January 1968 to April 1972.

The Board notes that the rating decision on appeal was issued in April 2019. In May 2019, the Veteran elected direct review under the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). 

1. Prior to the April 2019 rating decision on appeal, the Veteran identified relevant outstanding private treatment records. Specifically, an October 27, 2014 VA Physician’s Note indicated that although the Veteran was starting treatment with VA on that day, he was followed by his private primary care provider, Dr. P.V., and received private pain management care from Dr. H., and will continue private care and get medication from private physicians. With respect to the spine in particular, the VA treatment note indicated that the Veteran underwent lumbar spine surgery 40 years prior and again in 2012 performed by private orthopedic surgeons. His September 17, 2014 right total knee replacement was done by Dr. P.S., and the VA record noted ongoing physical therapy post total knee replacement. A subsequent July 30, 2018 VA Primary Care Note indicated that the Veteran’s low back pain was still managed by a non-VA provider. 

If VA becomes aware of the existence of relevant records before deciding the claim, VA will notify the claimant of the records and request that the claimant provide a release for the records. If the claimant does not provide any necessary release of the relevant records that VA is unable to obtain, VA will request that the claimant obtain the records and provide them to VA. 38 C.F.R. § 3.159(e)(2). In this case, the Veteran was not asked to submit, or authorize VA to obtain on his behalf, these records of private care prior to the April 2019 rating decision, which denied each of the Veteran’s claims in part based on a finding that no current disability was shown by the record. As the Veteran’s private records, of which VA was on notice, may include records of treatment for each of his claimed disabilities, all issues must be remanded at this time.

The Board adds that VA treatment records already establish that the Veteran has current hypertension. See an October 27, 2014 VA Physician’s Note (indicating hypertension for five year with medication). Service personnel records confirm the Veteran’s service in Vietnam, and his exposure to herbicide agents in presumed. In November 2018, the National Academy of Sciences (NAS) moved hypertension from the “limited or suggestive” to “sufficient” category for association with herbicides. Veterans and Agent Orange: Update 11 (2018). A medical opinion addressing whether the Veteran’s hypertension is at least as likely as not related to his in-service herbicide agent exposure should have been obtained prior to adjudication in April 2019. On remand, such should be obtained.

The matters are REMANDED for the following action:

1. Send the Veteran a letter requesting that he submit, or authorize VA to obtain on his behalf, private medical records relating to treatment for each of his claimed disabilities (arthritis of the back, knees and ankles; hypertension; allergic rhinitis; erectile dysfunction; hepatitis C), to specifically include records from those providers identified by the Veteran on an October 27, 2014 VA Physician’s Note—Dr. P.V., Dr. H., and Dr. P.S. (who performed the Veteran’s September 17, 2014 total knee replacement), as well as records of prior lumbar spine surgeries, knee replacement surgery and physical therapy records.

2. Obtain a medical opinion from a physician with appropriate expertise addressing whether the Veteran’s current hypertension disability at least as likely as not (50 percent or greater probability) had onset in, or is otherwise related to the Veteran’s period of active duty service, to specifically include in-service herbicide agent exposure while serving in Vietnam. 

(Continued on Next Page)

In providing a response, the examiner should consider and comment upon the November 2018 NAS study that moved hypertension from the “limited or suggestive” to “sufficient” category for association with herbicides.

 

V. Chiappetta

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD L. Bristow Williams, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.